# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Dustin W. Holden**

Case Number: **2:17CR00015**

Name of Sentencing Judicial Officer: **Honorable Richard F. Boulware**

Date of Original Sentence: **July 27, 2017**

Original Offense: **Accessing a Protected Computer to Defraud and Obtain Something of Value**

Original Sentence: **60 Months probation**

Date Supervision Commenced: **July 27, 2017**

## PETITIONING THE COURT

☒ To issue a warrant.

☐ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Intermittent Confinement** - You shall surrender yourself two weekends in the month of August, 2017, no later than 6 o'clock Friday to be released from custody on Sunday no later than 6 o'clock or to the time the facility that is housing him dictates; thereafter, you shall surrender yourself three weekends per month on the same schedule for the first entire year of probation.

    Mr. Holden has failed to serve weekends of confinement as ordered. To date, the offender has only surrendered to serve one weekend in jail.

RE: Dustin W. Holden

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **September 27, 2017**

*Jessica Racaza*  Jessica Racaza
2017.09.27
15:28:55 -07'00'

Jessica Racaza
United States Probation Officer

Approved:

Robert G. Aquino
2017.09.27 15:42:37
-07'00'

Robert Aquino
Supervising U.S. Probation Officer

---

*THE COURT ORDERS*

☐   No Action.
☑   The issuance of a warrant.
☐   The issuance of a summons.
☐   Other:

RICHARD F. BOULWARE, II
United States District Judge
September 29, 2017
Date

**RE: Dustin W. Holden**

Prob12C
D/NV Form
Rev. March 2017

RE: Dustin W. Holden

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. DUSTIN W. HOLDEN, 2:17CR00015

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### September 27, 2017

On July 27, 2017, Your Honor sentenced Holden to five (5) years probation for committing the offense of Accessing a Protected Computer to Defraud. Supervision commenced on that day, in the Northern District of Georgia.

On September 27, 2017, our office was notified of continued non-compliance by Mr. Holden. The offender has failed to serve weekends of confinement as ordered by the Court. To date, the offender has only surrendered to serve the weekend of August 18, 2017 in custody. When confronted about this violation, Mr. Holden stated that he was going through a divorce and serving weekends in jail would be too stressful in conjunction with his marital difficulties.

As a result of his behavior, it is respectfully requested that a warrant be issued to initiate revocation proceedings.

Respectfully submitted,

Jessica Racaza
2017.09.27
15:29:20 -07'00'

Jessica Racaza
United States Probation Officer

Approved:

Robert G. Aquino
2017.09.27 15:42:59
-07'00'

Robert Aquino
Supervising U.S. Probation Officer

AO 245B (Rev. 06/17)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT
### District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| DUSTIN W. HOLDEN | ) | Case Number: 2:17-cr-00015-RFB |
| | ) | USM Number: 53960-048 |
| | ) | PAUL KISH, ESQ., DANIEL ALBREGTS, ESQ. |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of Criminal Information filed 3/23/2017.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§1030(a)(4) and (c)(3)(A) | Accessing a Protected Computer to Defraud and Obtain Something of Value | 6/2014 | 1 |

    The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)   N/A   ☐ is   ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/27/2017
Date of Imposition of Judgment

_/s/_
Signature of Judge

RICHARD F. BOUWLARE, II                    U.S. District Judge
Name and Title of Judge

7/27/2017
Date

DEFENDANT: DUSTIN W. HOLDEN
CASE NUMBER: 2:17-cr-00015-RFB

# PROBATION

You are hereby sentenced to probation for a term of: Five (5) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 06/17)   Judgment in a Criminal Case
Sheet 4A — Probation

Judgment—Page __3__ of __6__

DEFENDANT: DUSTIN W. HOLDEN
CASE NUMBER: 2:17-cr-00015-RFB

# STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. ~~If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.~~
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT:  DUSTIN W. HOLDEN
CASE NUMBER:  2:17-cr-00015-RFB

## ADDITIONAL PROBATION TERMS

1. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

2. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. Employment With USPO Approval – You must not work in any type of employment without the prior approval of the probation officer.

4. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

5. Computer Search – Monitoring Software – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

6. Intermittent Confinement -  For the first year of probation, you shall be confined in custody on intermittent confinement, three weekends per month for first year of probation.

7. Self-surrender date for Intermittent Confinement - You shall be surrender yourself two weekends in the month of August, 2017, no later than 6 o'clock Friday to be released from custody on Sunday no later than 6 o'clock or to the time the facility that is housing him dictates; thereafter, you shall surrender yourself three weekends per month on same schedule for the first entire year of probation.

8.  Home Confinement with GPS Location Monitoring - You shall be confined to home confinement with location monitoring for a period of eight months during second year of probation. Further, you shall be required to pay the costs of services as approved and directed by the probation office.

9.  Community Service - You shall be required to to complete 300 hours of community services, to be completed during the second year of probation.  Community service may be reduced to 100 hours if Defendant speaks to high school students or to a group of young people under the age of 24 regarding his act.  Defendant may start his community service in the first year of probation as appropriate.  Probation office must verify/confirm those community service hours.

DEFENDANT: DUSTIN W. HOLDEN
CASE NUMBER: 2:17-cr-00015-RFB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 | $ 181,000.00  [See Attached List] |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Arroweye | | $50,000.00 | |
| The Plexus Groupe | | $131,000.00 | |
| (See Attached List) | | | |

| TOTALS | $ _____ | $ 181,000.00 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ 181,000.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

  ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:17-cr-00015-RFB  Document 20  Filed 09/29/17  Page 11 of 15
Case 2:17-cr-00015-RFB  Document 18  Filed 08/31/17  Page 6 of 10

AO 245B (Rev. 06/17) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: DUSTIN W. HOLDEN
CASE NUMBER: 2:17-cr-00015-RFB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

FILED ✓
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 27 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-015-RFB |
| Plaintiff, | |
| v. | Final Order of Forfeiture |
| DUSTIN W. HOLDEN, | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 1030(i)(1)(A); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1030(i)(1)(B); and Title 21, United States Code, Section 853(p) based upon the plea of guilty by defendant Dustin W. Holden to the criminal offense, forfeiting the property and imposing an in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Information and shown by the United States to have the requisite nexus to the offense to which defendant Dustin W. Holden pled guilty. Criminal Information, ECF No. 5; Plea Agreement, ECF No. 7; Change of Plea, ECF No. 11; Preliminary Order of Forfeiture, ECF No. 12.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov,

///

U.S. vs. DUSTIN W. HOLDEN
2:17-cr-00015- RFB
<u>Restitution List</u>



| | |
|---|---|
| Arroweye<br>Attn: Michael Cogan<br>550 W. Washington Blvd, Suite 202<br>Chicago, IL 60661 | $50,000.00 |
| The Plexus Groupe<br>Attn: Jim Curylo, VP, Casualty & Property<br>21805 W. Field Parkway, Suite 300<br>Deer Park, IL 60010 | $131,000.00 |
| TOTAL: | $181,000.00 |

consecutively from May 13, 2017, through June 11, 2017, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 15.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America:

1. eServer brand computer with 80 GB HDD, serial number 001CA2B;
2. Network-Attached Storage (NAS) Device containing eight 4 TB HDDs; and
3. SanDisk brand model SDCZ33 16 GB Thumbdrive, serial number BL131224569D

(all of which constitutes property); and

that the United States recover from Dustin W. Holden the in personam criminal forfeiture money judgment of $83,000, and that the property will be applied toward the payment of the money judgment; and

the forfeiture of the money judgment and the property is imposed pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 1030(i)(1)(A); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(B); Title 18, United States Code, Section 1030(i)(1)(B); Title 21, United States Code, Section 853(p); and Title 21, United States Code, Section 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well

as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 27 day of July, 2017.

_____
UNITED STATES DISTRICT JUDGE

3